

# HESKIN & PROPER, PLLC

641 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone 407-403-5990

Shane R. Heskin, Esquire                                        Justin E. Proper, Esquire
Shane@heskinproper.com                                         Justin@heskinproper.com

August 12, 2026

**TO:**  Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE:**  BBNDD, LLC, et al. v. Crown Funding Source, LLC, et al., No. 1:26-cv-00412-NRB
<u>Plaintiffs' Opposition to Defendant Yitzchok Wolf's August 12, 2026 Pre-Motion Letter (ECF No. 44)</u>

Dear Judge Buchwald:

Plaintiffs BBNDD, LLC and Britani Bache respectfully submit this response to Defendant Yitzchok Wolf's August 12, 2026 letter (ECF No. 44). The request should be denied. Although Rule 55(c) applies a more forgiving standard than Rule 60(b), Wolf still bears the burden to show good cause. The Court considers (1) willfulness, (2) a meritorious defense, and (3) prejudice. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Construction, LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Wolf submits no declaration, no evidence, and no defense particular to him. His counsel's two-page letter does not satisfy that standard.

**Wolf provides no satisfactory explanation for the default.**

The affidavit of service at ECF No. 16 states that Wolf was served on February 16, 2026 at 478 Midwood Street, Brooklyn, by delivery to Dina Leads, identified as a co-resident. Plaintiffs rely on Federal Rule of Civil Procedure 4(e)(2)(B), which permits service by leaving the summons and complaint at an individual's dwelling or usual place of abode with a resident of suitable age and discretion. Wolf does not deny that 478 Midwood Street was his dwelling or usual place of abode on February 16. He submits no declaration identifying where he lived on that date and no facts contradicting the process server. Counsel says only that Wolf claims he did not receive the papers and that documents in other proceedings identify a different address. But a different address used in another matter, particularly at another time, does not establish that 478 Midwood Street was not also a dwelling or usual place of abode. A person may have more than one such dwelling. *National Development Co. v. Triad Holding Corp.*, 930 F.2d 253, 256-57 (2d Cir. 1991). Nor does Rule 4(e)(2)(B) condition valid abode service on the defendant's later acknowledgment of actual receipt.

Late retention of counsel is not an excuse for Wolf's preexisting failure to respond; counsel expressly concedes as much. ECF No. 44 at 1. Wolf gives no date on which he first learned of this action, no date in July on which counsel was retained, no explanation for the period between service and retention, and no account of any steps he took to protect his rights. His response was due March 9, 2026. ECF No. 32 para. 10. This letter followed 156 days later and 28 days after the Clerk entered the Certificate of Default on July 15. That is not a short or technical delay. Conduct that is more than negligent or careless and remains unsatisfactorily explained supports willfulness. *Bricklayers*, 779 F.3d at 186-87.

**Wolf identifies no meritorious defense.**

A defaulting defendant must present facts which, if proven, would constitute a complete defense; conclusory denials are insufficient. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *Bricklayers*, 779 F.3d at 187. Wolf offers none. His proposed Rule 12(b)(5) defense rests on the same unsupported assertion that he did not receive the papers and never squarely denies that service was made at his dwelling or usual place of abode. His proposed Rule 12(b)(6) defense is even less developed: he merely says he expects to join arguments advanced by other defendants. He identifies no allegation against him that is supposedly deficient, no legal ground requiring dismissal, and no fact supporting a complete defense.

That omission matters because the Amended Complaint separately alleges that Wolf owned, managed, or controlled Bridge Funding Capital LLC and Yes Capital Funding Group, LLC, and directed Bridge's merchant-cash-advance business and collection practices. ECF No. 3 paras. 16-17, 23. A defense based on another defendant's distinct role, communications, or conduct is not a defense to the allegations concerning Wolf. Likewise, Plaintiffs' withdrawal of default requests against two other defendants says nothing about whether Wolf has shown good cause. Rule 55(c) requires an individualized showing, and Wolf has not made one.

**The absence of claimed prejudice cannot supply the missing showing.**

Wolf argues that the case remains at the pleading stage, but lack of prejudice does not independently establish good cause. The Second Circuit has affirmed denial of vacatur without reaching prejudice where the default was willful and the defendant failed to present a meritorious defense. *Bricklayers*, 779 F.3d at 187. Nor does counsel's August 4 email shift Wolf's burden to Plaintiffs. Plaintiffs' failure to answer by counsel's unilaterally selected August 7 deadline does not create evidence, excuse the five-month default, or cure the absence of a Wolf-specific defense.

Accordingly, Plaintiffs respectfully request that the Court deny Wolf's request, leave the Clerk's Certificate of Default at ECF No. 40 in place, and decline to authorize a pre-answer motion to dismiss. Plaintiffs are prepared to address the issue at the August 18 conference if the Court wishes.

Respectfully submitted,

**HESKIN & PROPER, PLLC**

*/s/ Shane R. Heskin*
Shane R. Heskin
641 Lexington Avenue, 14th Floor
New York, New York 10022
407-403-5990
shane@heskinproper.com
*Counsel for Plaintiffs*

cc:  All Counsel of Record (via ECF)